IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff*<br><br>v.<br><br>DUSTIN E. SIEGERT,<br>   *Defendant* | §<br>§<br>§  6:21-CR-00096-ADA-1<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION**

  Before the Court is the Report and Recommendation of United States Magistrate Judge Jeffrey C. Manske. ECF No. 80. The Report recommends that Defendant Dustin E. Siegert's ("Defendant") Motion to Suppress, ECF No. 38 (the "Motion"), be denied. *Id*. at 1. Before Judge Manske was Defendant's Motion to Suppress, the Government's Response, Defendant's Supplemental Brief, and the Government's Supplemental Response. ECF Nos. 38, 44, 50, 54. The Report was filed on February 28, 2023. Defendant filed an objection to the Report on March 14, 2023. ECF No. 81.

  A party may file specific, written objections to the proposed findings and recommendations of the magistrate judge within fourteen days after being served with a copy of the Report and Recommendation, thereby securing *de novo* review by the District Court. 28 U.S.C. § 636(b). In this case, Defendant timely filed an objection.

      **I.  BACKGROUND**

  Defendant's Motion to Suppress seeks to exclude evidence obtained when police executed a search warrant at Defendant's property at 8977 Deer Trail, in Hearne, Texas. Officers executed the search warrant on November 20, 2020, and found a stolen truck, illegal drugs, and firearms. Unbeknownst to the police at the time of the search, however, was that truck was not on

1

Defendant's property—it was found just over a property line dividing Defendant's land from his father's adjacent lot. A federal grand jury subsequently indicted Defendant with drug possession and firearms charges. Defendant moves to suppress all evidence stemming from the search. He alleges that the warrant affidavit in question runs afoul of *Franks* and that the search was conducted without a warrant. He also challenges the protective sweep that officers conducted in his home and seeks to suppress inculpatory statements he made to an officer and his oral consent he gave before a search of his residence. Judge Manske heard oral arguments on the *Franks* issue and the Motion to Suppress, ECF No. 51, and thereafter filed his Report and Recommendation to deny the Motion. Because Defendant timely objected, the Court has undertaken a *de novo* review of the Report and Recommendation. After thorough review of the Report, Defendant's objections, and the applicable law, the Court finds that Defendant's Motion to Suppress should be denied.

## II.   DISCUSSION

### A.  Defendant's *Franks* challenges

As Judge Manske explained in his Report, under *Franks*, a search warrant must be voided if the defendant shows by a preponderance of the evidence that the affidavit supporting the warrant contained a false statement made intentionally or with reckless disregard for the truth and, after setting aside the false statement, the affidavit's remaining content is insufficient to establish probable cause. *United States v. Ortega*, 854 F.3d 818, 826 (5th Cir. 2017). The initial burden is on the defendant to prove by a preponderance that the false information was given intentionally or recklessly. *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir.), *cert. denied*, 537 U.S. 910 (2002). An intentionally false statement is one made with intent to mislead. *United States v. Ortega*, 719 F. App'x 319, 324 (5th Cir. 2018). Recklessness "may be shown circumstantially

2

when reasons to doubt the information's veracity are obvious." *Id.*, citing *United States v. Tomblin*, 46 F.3d 1369, 1376 (5th Cir. 1995).

The Court rejects Defendant's *Franks* challenges. The warrant incorrectly alleges that the truck would be found on Defendant's property, when the truck was, in fact, across the property line of Defendant's father's adjacent land. This satisfies that the affidavit contains a false statement. *Ortega*, 854 F.App'x at 826. But the facts before the Court do not establish that Texas Department of Public Safety Agent John Hutzler's inclusion of the incorrect address in the affidavit was intentional or reckless. An officer's reasonable failure to correctly define the premises to be searched does not invalidate a search warrant. *Maryland v. Garrison*, 480 U.S. 79, 87–88 (1987). Photos and Robertson County online property records that detail the boundaries of Defendant's and Defendant's father's property reveal that the adjacent properties form a twenty-acre rectangle abutting Deer Trail Run to the north. ECF Nos. 52-3; 52-4. There are no other structures or housing on the father's land, aside from a barn, that would suggest that the two parcels are separately owned. There is one driveway for the two properties, and Defendant's property is bordered by fencing commonly used to manage livestock on rural property.

Defendant argues that the Supreme Court has said that fencing around a home establishes the curtilage. ECF No. 81 at 4 (citing *California v. Ciraolo*, 476 U.S. 207, 212–13 (1986)). In *Ciraolo*, though, the claimed curtilage "was immediately adjected to a suburban home, surrounded by high double fences." 476 U.S. at 213. While Defendant argues that it is doubtful that the type of fencing involved matters in defining the area of the curtilage, ECF No. 81 at 4 (citing *United States v. Gerard*, 362 F.3d 484, 487–88 (8th Cir. 2004)), the *Gerard* court also explained that every curtilage determination is distinctive and stands or falls on its own unique set of facts. *See* 362 F.3d at 487. Here, the fencing bordered Defendant's property, and similar fencings also subdivided

his property within those lines. A large livestock gate between the properties was open on the day of the search, and goats were kept in the barn. ECF No. 52-6. A well-worn vehicle path between the barn and Defendant's property passed through the open gate. ECF No. 52-10. There was no other fencing, nor was there another home, driveway, or structure to suggest separate ownership of the two parcels of land. Accordingly, the Court finds that under the circumstances, Agent Hutzler's inclusion of the wrong address cannot be characterized as intentional or reckless. *Ortega*, 854 F.App'x at 826.

The Court also does not agree with Defendant's allegations that the affidavit fails to clearly link the truck to the property. The affidavit supporting the search warrant must display a nexus between the evidence sought and the place to be searched. *United States v. Green*, 634 F.2d at 222 (5th Cir. 1981). As Judge Manske noted in his Report, a magistrate must be permitted to "draw reasonable inferences from the material he receives, and his ultimate probable cause decision should be paid great deference by reviewing courts." *United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987). Agent Hutzler, in his affidavit, stated that "Officer Hall and Agent McKeehan obtained information that the stolen White Ford F250 VIN#1FTNF20L5XDE68469 was taken to 8977 Deer Trail run in Hearne, Robertson County Texas." ECF No. 38 at 23. He also states, "Your affiant was notified by Bryan Police Department Sergeant Gabriel Alvarez while conducting surveillance visible from the roadway was able to see the white ford F250 and was able to read the front license plate of JYZ0917 and was able to confirm through communications that the white ford f250 was stolen and related to Bryan Police Department Case# BP201100623." Although it does not expressly state that the white Ford F250 was at Defendant's residence, taking this information together, Judge Manske was able to reasonably draw the inference and establish the necessary

nexus of the truck and 8977 Deer Trail Run. Defendant thus fails to establish the absence of a nexus between the truck and the Defendant's property, and his *Franks* challenge fails in this regard.

### B. The good faith exception

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. "To supplement the bare text, [the Supreme Court] created the exclusionary rule, a deterrent sanction that bars the prosecution from introducing evidence obtained by way of a Fourth Amendment violation." *Davis v. United States*, 564 U.S. 229, 231–32 (2011). The Supreme Court has characterized exclusion through suppression as an "extreme sanction" that courts should apply only sparingly. *United States v. Leon*, 468 U.S. 897, 926 (1984); *see also Herring v. United States*, 555 U.S. 135, 141 (2009) (warning that application of the exclusionary rule exacts "substantial social costs"); *Hudson v. Michigan*, 547 U.S. 586, 591 (2006) ("Suppression of evidence, however, has always been our last resort, not our first impulse.").

A court must engage in a two-part inquiry in deciding whether to suppress evidence: it generally must ask first whether the good faith exception applies (and, in turn, whether any of the exceptions to that rule applies) and then ask whether probable cause supports the warrant. *Leon*, 468 U.S. at 924-25; s*ee also United States v. Allen*, 625 F.3d 830, 835 (5th Cir. 2010); *United States v. Tovar*, 719 F.3d 376, 385 n.8 (5th Cir. 2013). If the good faith exception applies, courts seldom proceed with considering whether probable cause supports the warrant. *See United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002); *see also United States v. Stalnaker*, 571 F.3d 428, 436 (5th Cir. 2009).

The good faith exception applies when the officer's reliance on the magistrate's probable cause determination and the technical sufficiency of the warrant are objectively reasonable. *See*

*Leon*, 468 U.S. at 922. It will not apply when the issuing magistrate or judge "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," or when the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923 (internal citations omitted).

Defendant challenges Agent Hutzler's basis for probable cause to search for the truck's keys and any telephones found at the scene. Defendant claims the affidavit, as to these two items, was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." ECF No. 38 at 33. Accordingly, Defendant asserts that the good faith exception to the exclusionary rule does not apply. He argues that the affidavit contains only bald, unsupported assertions that the keys were taken with the truck and that they could be found on the property. *Id.* at 26. As to the telephones, Defendant also claims that the affidavit provided no facts on which the magistrate could rely to decide whether Defendant was a person who bought and sold stolen goods. *Id.* at 32.

But "[a] probable cause determination is a 'practical, common-sense decision as to whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002). In making a probable cause decision, a judicial officer may draw reasonable inferences from the information he receives. *See United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987). The Court finds that the affidavit presents indicia of probable cause such that the issuing magistrate could reasonably believe that probable cause existed. Agent Hutzler's affidavit addresses how individuals who deal in stolen vehicles commonly possess the keys to the stolen vehicles. ECF No. 38 at 2. Agent Hutzler also asserted that buyers and sellers of stolen

property use various electronic devices like cell phones to facilitate those transactions. *Id.* In context, it was not unreasonable for the magistrate to infer that the keys to the stolen truck would be found near the stolen vehicle, nor was it unreasonable for him to find probable cause.

Further, given the rural nature of the area, the Court finds that "failing to conduct an easily accessible search to learn the location of the truck" does not constitute reckless disregard of the truth. ECF No. 38 at 34; ECF No. 38, Ex. E; *See also supra* at 4–5. Accordingly, the Court finds that Agent Hutzler's affidavit was sufficient for the warrant to issue, and Agent Hutzler was reasonable in relying on the issued warrant. The good faith exception applies, so the Court will not proceed with considering whether probable cause supports the warrant. *Cavazos*, 288 F.3d at 710.

### C. Warrantless Search

Defendant argues that the police report evidences that the service of the search warrant began at 12:00pm on November 20, 2020, but that the warrant did not issue until 1:13pm on the same date. ECF No. 38 at 5–6. Thus, Defendant asserts that the entry onto Defendant's property was warrantless, and all fruits of this search are excludable. *Id.* Agent Hutzler, however, testified that the time recorded on the search warrant is correct, and that the offense report time is erroneous, as the time recorded on his body camera resets each time the body camera is "synched." Judge Manske found this testimony credible, and Defendant provides no evidence to the contrary. *See* ECF No. 80 at 11. Defendant does not specifically object to this finding. *See* ECF No. 81 at 8-9. In any event, the Court finds that Agent Hutzler timely obtained the search warrant before executing it. As a result, the Court agrees with Judge Manske's recommendation that Defendant's relief should be denied on this claim.

### D. Protective Sweep

Defendant next challenges the protective sweep officers conducted in his residence during the search, as he argues that the officers had no basis to suspect anyone else was in the home or that Defendant posed any danger. ECF No. 38 at 9–10. Law enforcement may make a protective sweep of a suspect's house if the arresting officers "have reasonable grounds to believe that there are other persons present inside who might present a security risk." *United States v. Merritt*, 882 F.2d 916, 921 (5th Cir. 1989). This requires "facts . . . that warrant a reasonably prudent officer in believing that the area to be swept harbors an individual posing a danger to those on the arrest scene." *Maryland v. Buie*, 494 U.S. 325, 334–35 (1990). An arrest is not a per se indispensable element of an in-home protective sweep. *United States v. Gould*, 364 F.3d 578, 584 (5th Cir. 2004). The search is justified when the legitimate governmental interests at hand outweigh the degree to which the search intrudes upon the suspect's privacy. *Id.* (internal citations omitted).

The law enforcement officers were at Defendant's residence to execute a search warrant on which they relied in good faith. ECF No. 38, Ex. B. Ashley Siegert answered the door and told Agent Hutzler that she did not know where Defendant was. ECF No. 38, Ex. C at 4. Agent Hutzler testified that because Defendant's whereabouts were unknown, Defendant or others inside could pose a danger to the officers. *See generally Meritt*, 882 F.2d at 921 ("Knowing that the room was registered to a third person, the officers entered it to check for other persons."). Judge Manske found Agent Hutzler's testimony credible and found that nothing before the Court suggested that the search went beyond places where an individual could hide. ECF No. 80 at 12. Defendant objects to Judge Manske's findings, arguing that nothing presented to Judge Manske would support a finding that the officers had a reasonable ground to believe that there was someone in the house. The Court disagrees. The Court finds that under the circumstances, Defendant's

unknown whereabouts justified a reasonable inference that could be hidden inside the house. Judge Manske found Agent Hutzler's inference to be reasonable, and on this basis, the Court agrees that Defendant's relief should be denied on this claim.

### E. Defendant's Oral Statements

Defendant next argues that any confessions made to law enforcement during the execution of the search warrant should be suppressed under *Miranda* because he was subject to a custodial interrogation and not read his *Miranda* rights. *See generally Miranda v. Arizona*, 384 U.S. 436 (1966). The Supreme Court has recognized that a defendant may be in custody for purposes of a Fourth Amendment seizure, but the circumstances may not rise to the custodial interrogation contemplated by *Miranda*. *See Berkemer v. McCarty*, 468 U.S. 420, 432–33 (1984) (suppressing post-arrest statements but admitting pre-arrest statements made during a traffic stop based in reasonable suspicion). If the circumstances do not implicate *Miranda*, then statements made by a defendant are admissible even if the officers have not read the defendant the *Miranda* rights. *See Miranda*, 384 U.S. at 444. To implicate *Miranda*, a reasonable person placed in the defendant's position would have to understand the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest. *United States v. Cavazos*, 668 F.3d 190, 193 (5th Cir. 2012).

In determining whether a reasonable person in the defendant's position would understand that the restraint on their freedom of movement accords with a formal arrest, the Fifth Circuit has repeatedly articulated the five-factor test that Judge Manske relied on in his recommendation. ECF No. 80 at 14. The Court will consider "(1) the length of the questioning; (2) the location of the questioning; (3) the accusatory, or non-accusatory nature of the questioning; (4) the amount of restraint on the individual's physical movement; and (5) statements made by officers regarding the

individual's freedom to move or leave." *United States v. Ortiz*, 781 F.3d 221, 229-30 (5th Cir. 2015); *United States v. Wright*, 777 F.3d 769, 774-75 (5th Cir. 2015).

As to the first factor, the conversation which is at issue only lasted around ten minutes. ECF No. 81 at 10. While there is no bright-line rule for the length of an interrogation, the Court finds that alone, a ten-minute interview weighs against finding a custodial interrogation sufficient to implicate *Miranda*. *See United States v. Harrell*, 894 F.2d 120, 124 n.1 (5th Cir. 1990); *See Ortiz*, 781 F.3d at 233. The conversation also took place outdoors, during the day, and within full view of a public road. ECF No. 80 at 15. The Court thus finds that the location of the conversation weighs against a finding of custodial interrogation sufficient to implicate *Miranda*. As to the fourth factor, Defendant was not placed in handcuffs, he was not inside a police vehicle, nor was he forced onto the tailgate of the truck on which he was sitting. ECF No. 80 at 15. The Court accordingly finds that the amount of restraint on Defendant's physical movement weigh against a finding of custodial interrogation sufficient to implicate *Miranda*. During the conversation, the officers made no statements to Defendant regarding his custodial status. ECF No. 80 at 16. Judge Manske found that only the accusatory nature of Agent Hutzler's questions would favor finding a custodial interrogation which implicates *Miranda*. ECF No 80 at 16. The Court agrees.

Defendant, however, objects that Judge Manske did not answer the fundamental question of whether a reasonable person would feel free to leave under the totality of the circumstances. ECF No. 81 at 10. Defendant points out that the conversation took place only after the officers had purportedly discovered drugs and weapons, and thus Defendant asks the Court to conclude that a reasonable person would not have felt free to leave, requiring a reading of the *Miranda* rights. ECF No 81 at 11.

Whether or not a reasonable person would feel free to leave is the fundamental basis of the custodial interrogation analysis at hand. *See Cavazos*, 668 F.3d at 193. But the circumstances must be such that a reasonable person placed in the defendant's position would understand the situation to constitute a restraint on freedom of movement of the degree which the law associates with formal arrest. *Id*. A reasonable person would likely understand that they are not free to leave during, for example, a traffic stop. Courts hold that something approaching a formal arrest is required before officers must read the *Miranda* rights for statements to be admissible. *See, e.g.*, *Berkemer,* 468 U.S. at 433. Here, the Court finds that under the totality of circumstances, it rejects Defendant's conclusion that a reasonable person would not have felt free to leave.

Accordingly, the Court finds that given the totality of the circumstances here, Defendant was not subject to a custodial interrogation. *Miranda* warnings were not required before Defendant made incriminating statements for the statements to be admissible. The Court will therefore not suppress Defendant's statements.

**F. Consent to Search**

Defendant lastly argues that because the officers coerced him into giving consent, his consent was neither an independent basis to search his property nor an avenue for dissipating the taint of a fourth amendment violation. ECF No. 38 at 14-17; ECF No. 81 at 11–12. If, however, the Government obtains evidence which ultimately or inevitably would have been discovered by lawful means, the evidence should be admitted. *Nix v. Williams*, 467 U.S. 431, 444 (1984). The Court agrees with Judge Manske and finds that Defendant's consent was immaterial. The officers were able to search the property under a valid search warrant. ECF No. 80 at 16. There was no taint to be dissipated, as the Court has found that neither the warrant nor the protective sweep

constitutes fourth amendment violations. *See supra* at 3-8. The Court rejects Defendant's objection that the officers' conduct violated his fourth or fifth amendment rights. ECF No. 81 at 11.

The Court thus agrees with Judge Manske that Defendant's Motion to Suppress should be denied. Accordingly, the Court accepts and adopts the Report and Recommendation for the reasons stated therein.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's objections to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of United States Magistrate Judge Manske, ECF No. 80, is **ACCEPTED AND ADOPTED**. Defendant Dustin E. Siegert's Motion to Suppress (ECF No. 38) is **DENIED**.

SIGNED this 28th day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE